

U.S. Department of Justice

*Joshua S. Levy*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 6, 2025

Eduardo Masferrer
Masferrer & Associates, P.C.
55 Union St
4th Floor
Boston, MA 02108

      Re:    United States v. Junior Baez Sanchez
                Criminal No. 21-10098-PBS

Dear Mr. Masferrer:

      The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Junior Baez Sanchez ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.      <u>Change of Plea</u>

      Defendant will waive Indictment and plead guilty to Counts One through Three of the Superseding Information: Distribution of and Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Counts One and Two); and Failure to Appear After Pre-Trial Release, in violation of 18 U.S.C. § 3146(a)(1) (Count Three). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

      2.      <u>Penalties</u>

      Defendant faces the following mandatory minimum and maximum penalties:

<u>Counts One and Two</u>: incarceration for up to 20 years; supervised release for not less than 3 years and up to life; a fine of $1,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Information.

<u>Count Three</u>: incarceration for up to ten years; supervised release for up to three years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Information.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 26:

a) Defendant's base offense level is 24, because the offense involved at least 40 grams but less than 160 grams of fentanyl (USSG §2D1.1(c)(8)); and

b) Defendant's offense level is increased by 2, because Defendant willfully obstructed or impeded the administration of justice with respect to the prosecution of the instant offense (USSG § 3C1.1).

The government agrees that if (a) U.S. Probation determines that Defendant does not receive any criminal history points; and (b) both U.S. Probation and the United States determine that Defendant otherwise meets the criteria in USSG § 4C1.1, the United States will recommend that Defendant's offense level be reduced by two levels pursuant to § 4C1.1.

Defendant will take the position that the Court should apply USSG § 5C1.2 and 18 U.S.C. § 3553(f) and impose a sentence without regard to the statutory mandatory minimum sentence that is otherwise applicable in this case. Defendant also will take the position that, pursuant to USSG § 2D1.1(b)(18), Defendant's offense level should be reduced by two levels. The U.S. Attorney will recommend applying USSG § 5C1.2 and 18 U.S.C. § 3553(f) if the U.S. Probation Office finds that Defendant meets the requirements of USSG § 5C1.2(a)(1)-(4) and the U.S. Attorney finds that Defendant has personally satisfied § 5C1.2(a)(5). Defendant understands and acknowledges that, if the Court declines to apply USSG § 5C1.2 and 18 U.S.C. § 3553(f), Defendant will not receive an additional two-level reduction pursuant to USSG § 2D1.1(b)(18), but will receive a sentence at or above the statutory mandatory minimum term of imprisonment.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) incarceration for a total term of 36 months;

b) a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

e) forfeiture as set forth in Paragraph 6.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or

3

in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring

4

before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Charles Dell'Anno.

Sincerely,

JOSHUA S. LEVY
United States Attorney

By: _____
ANNE PARUTI
Chief, Major Crimes Unit
MARK GRADY
Deputy Chief, Major Crimes Unit

_____
CHARLES DELL'ANNO
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_Junior B_
Junior Baez Sanchez
Defendant

Date: 1/9/25

I certify that Junior Baez Sanchez has had this Plea Agreement read to Defendant in Defendant's native language and that we have discussed what it means. I believe Junior Baez Sanchez understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_E. M._
Eduardo Masferrer
Attorney for Defendant

Date: 1/9/25